1   Maurice Wainer (State Bar No. 121678)
2   SNIPPER, WAINER & MARKOFF
3   270 N. Canon Drive, Penthouse
    Beverly Hills, CA  90210
4   Tel.: (310) 550-5770 ♦ Fax: (310) 550-6770
    mrwainer@swmfirm.com
5
6   MORTGAGE RECOVERY LAW GROUP LLP
7   Paul A. Levin (State Bar No.: 229077)
    Andrew P. Baeza (State Bar No.: 263392)
8   700 N. Brand Blvd., Suite 830
    Glendale, CA 91203
9   Tel.: (818) 630-7900 ♦ Fax: (818) 630-7920
10  paul.levin@mortgagerecoveries.com
    andrew.baeza@mortgagerecoveries.com
11
12  Attorneys for Plaintiff
13  Federal Deposit Insurance Corporation as Receiver for
    Colonial Bank
14

15              UNITED STATES DISTRICT COURT
16             CENTRAL DISTRICT OF CALIFORNIA
17                     SOUTHERN DIVISION
18

19  FEDERAL DEPOSIT INSURANCE            Case No.:  SACV12-1302-JST (RNBx)
20  CORPORATION as Receiver for
    COLONIAL BANK,
21                                       ~~PROPOSED~~  PROTECTIVE ORDER
22                        Plaintiff,
23         vs.
24  TRADITIONAL ESCROW, INC. a
25  corporation, and KENT J. WENZEL, an
    individual and doing business as
26  WENZEL APPRAISAL SERVICES;
27
28                        Defendants,

Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COLONIAL BANK, and defendants TRADITIONAL ESCROW, INC., a Corporation, and KENT J. WENZEL, an Individual d/b/a WENZEL APPRAISAL SERVICES, (collectively the "Parties"), and being fully advised by the Parties, and good cause appearing, the Court now enters the following Protective Order:

**PROTECTIVE ORDER**

The following restrictions shall be observed as to such properly designated Confidential Information as may be produced in discovery by the Parties to this litigation:

## I.   INTRODUCTION

### A. Definitions

1. "Confidential Document" means any document produced that bears the stamp or legend specified in Section II, Designation of Confidential Information, below, which signifies that the Designating Person contends that the document contains Confidential Information (as Confidential Information is defined in the next paragraph) entitled to confidentiality under established principles of law.

2. "Confidential Information" means a trade secret or other confidential commercial information, sensitive or proprietary business or financial information, personal information, or information furnished to the party producing the information in confidence by a third party. The following categories of documents, while not exclusive, are deemed to contain Confidential Information:

a. "Loan Origination Files" for the loans at issue in this litigation which include the borrower's private information, and other confidential or proprietary business records.

b.     "Loan Servicing Files" for the loans at issue in this litigation which will include the borrower's private information.

c.     "Foreclosure Files" for the loans at issue in this litigation which will include the borrower's private information.

d.     "Repurchase Demand Files" for the loans at issue in this litigation which will include the borrower's private information, confidential business records, and other proprietary information.

e.     "Personal Records" as defined by California Code of Civil Procedure §1985.3.

3.     "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4.     "Designating Person" means the Party or Person who initially produces the Document and marks it as "Confidential-Subject to Protective Order" pursuant to this Protective Order.

5.     "Party" or "Parties" means any person or entity that is named as a party to this litigation.

6.     "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

7.     "Discovery Material" means: (a) all documents produced in this action; (b) all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof, whether in written or computer format; and (c) responses to interrogatories, responses to requests for admission, and all other written discovery served or filed in this action and all contents of such discovery.

8.    "Disclose" means to show, give, make available, reproduce, communicate or excerpt any Discovery Material, or any part or contents thereof.

**B. <u>Good Cause</u>**

This action involves a contract dispute between defendants TRADITIONAL ESCROW, INC.,. a Corporation, and KENT J. WENZEL, an Individual d/b/a WENZEL APPRAISAL SERVICES, and plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COLONIAL BANK, relating to an appraisal performed in connection with a loan extended by Colonial Bank. This litigation will involve the review and analysis of Loan Origination Files, Loan Servicing Files, Foreclosure files, Repurchase Demand Files and other Personal Records of individuals who applied for and obtained mortgage loans at issue. Good cause exists to grant the Parties' request for a Protective Order to (1) preserve the privacy interests of third party borrowers; (2) protect the confidential business records and proprietary information of the plaintiff and defendant; (3) the guidelines, procedures and manuals utilized by the lender; and (4) allow the Parties to exchange information in the most expeditious fashion possible, with a minimum burden, expense, dispute, and delay.

**C. <u>Scope of Protective Order</u>**

1.  This Protective Order applies to all Parties to this action and their counsel as well as retained and non-retained experts and/or consultants.

2.  Nothing in this Protective Order shall require disclosure of any information or material that is protected from disclosure by any applicable privilege.

3.  Any Party hereto may make a good faith objection to the designation of any document, response, testimony, or information as "Confidential Information" by the Designating Person, and may make a motion for an order compelling disclosure of and/or access to such material without

restriction, after attempting to resolve the objection with the Designating Person. Applicable Federal and/or California law shall govern the burden and standard of proof on any such motion.  Prior to the submission of any such dispute to the Court, the challenging Party shall provide written notice to the Designating Person of its disagreement with the designation, and those Persons shall try first to resolve such a dispute in good faith. Pending the resolution of any such objection or motion, any Discovery Material, the confidentiality of which is disputed, shall remain subject to the terms of this Protective Order.  A Party shall not be obligated to challenge the propriety of information designed as Confidential Information at the time the designation is made and failure to do so shall not preclude a subsequent challenge thereto.  Notwithstanding the foregoing, any motion challenging a confidential designation shall be made in strict compliance with Local Rule 37-1 and 37-2 and including the obligation to prepare and submit Joint Stipulations concerning the matters in dispute.

4.  This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or Person with respect to information designated as "Confidential Information" pursuant to this Protective Order.  The fact that information is or is not designated as "Confidential Information" under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

5.  This Protective Order shall not govern the use by a Party of any Discovery Material otherwise lawfully in its possession, notwithstanding the fact that the Party either produces that Discovery Material in the course of discovery in this action or receives a duplicate copy of that Discovery Material through discovery in this action.

6.  The Parties may agree to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section II of this Protective Order, and nothing in the provisions of this Protective Order

shall be deemed to preclude any Person from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

7.   Discovery Material shall not be disclosed to any Person or entity except as expressly set forth herein. All Discovery Material produced or provided by any Designating Person in connection with this litigation shall be used by the Parties only for the purposes of this action, including depositions, motions, pre-trial preparation, trial or appeal. Otherwise, except by order of the Court, such Discovery Material shall not be used by any Party other than the producing Party for any other purpose.

8.   Inadvertent production of privileged information shall not constitute a waiver of any applicable privilege. Upon written notice by the producing or designating Party that privileged information was inadvertently produced, all Parties shall destroy or return all copies of the information to the producing or designating Party within ten (10) days of such notice.

## II.   CONFIDENTIAL INFORMATION

### A. Designation of Confidential Information

1.     A Designating Person, who reasonably believes in good faith that a Document being produced contains Confidential Information, may designate such Document as containing such information only by: (1) Bates stamping such Document; and (2) stamping such Document with the following legend: "CONFIDENTIAL INFORMATION."

2.     Failure of any Designating Person to designate Confidential Information in the manner described in Paragraph 1 hereof shall not preclude any Designating Person from thereafter in good faith making such a designation. Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation.

### B. Qualified Person Re Confidential Information

Any document or other Discovery Material designated as "Confidential Information" may be disclosed only to the following Persons and/or entities:

1.      The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

2.      Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

3.      Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

4.      Witnesses in the course of a deposition taken in this action;

5.      The Parties to this action, and those officers, directors, managing agents, or employees of the Parties hereto who are actively engaged in the preparation of this action for trial or for other resolution;

6.      Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution and who agrees in writing to be bound by the confidentiality requirements of this Order. Prior to the provision of Confidential Information to any Person identified in Paragraph 6 hereof, such Person shall be furnished with a copy of this Protective Order and shall be required to certify in writing as set forth in the annexed ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND, Exhibit A, that he or she has read the Protective Order, understands it, and agrees to be bound by the terms thereof, including without limitation, the obligation to protect Confidential Information from discovery by unauthorized co-employees and third Persons.

### C. Limited Use of Confidential Information

Documents and Discovery Material designated "Confidential Information" shall be used solely for this lawsuit, and shall not be used for any other purpose,

1   including, but not limited to, any other litigation, arbitration, or claim.

2   **D. <u>Filing Under Seal of Confidential Information</u>**

3   In accordance with Local Rule 79-5.1, if any papers to be filed with the

4   Court contain information and/or documents that have been designated as

5   "Confidential Information," the proposed filing shall be accompanied by an

6   application to file the papers or the portion thereof containing the designated

7   information or documents (if such portion is segregable) under seal; and the

8   application shall be directed to the judge to whom the papers are directed.  For

9   motions, the parties shall publicly file a redacted version of the motion and

10   supporting papers.

11   **E.      <u>Depositions Re Confidential Information</u>**

12   The Parties may use Confidential Documents and Confidential Information

13   during depositions in this action. In the event that any document or other

14   Discovery Material designated as "Confidential Information" is marked as an

15   exhibit in a deposition, or any question is asked at a deposition that calls for or

16   requires the disclosure of Confidential Information, any Party may request within

17   twenty (20) days after receipt of the transcript of the deposition (through written

18   notice to all Parties) that any portion of such deposition transcript relating to

19   Confidential Information be designated pursuant to this Protective Order.  If the

20   designation is made after the court reporter has prepared the transcript, each

21   counsel shall be responsible for appropriately labeling all of his or her copies of

22   such deposition transcript.

23   Any Party also may request at the deposition (through a notation on the

24   record) that the portion of the deposition transcript relating to such Confidential

25   Information be treated as follows:

26   The reporter shall separately bind the portion(s) of the transcript

27   containing Confidential Information, and any exhibit(s) to the deposition

28   designated as "Confidential Information," and shall mark such portion(s) and

exhibit(s) substantially as follows:

CONFIDENTIAL INFORMATION

FDIC v. TRADITIONAL ESCROW, INC., et al.

Case No.  SACV 12-1302 JST (RNBx)

**III.     POST-DISCOVERY TREATMENT OF DESIGNATED INFORMATION**

     1.   This Protective Order shall not govern at trial.  The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated pursuant to this Protective Order and shall, prior to trial, submit such proposed procedures to the Court for its approval or modification.

     2.   Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the Receiving Party, be returned to counsel for the Producing Party or to the Designating Persons or destroyed and a certificate of destruction provided.  If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the Party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned and disposed of pursuant to this Protective Order.

     3.   No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each Party, or by an order of this Court for good cause shown. This Protective Order shall survive any final disposition of this case, and after termination of this action, the Court shall retain jurisdiction to enforce or modify this Protective Order.

     4.   If at any time any Confidential Information protected by this Protective Order is subpoenaed or requested by any court, administrative or legislative body, person or entity, other than a Party to this action purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice

9

thereof to any Party which has designated such information as Confidential

Information so as to advise such Party of the need to promptly obtain a protective

order or act to quash the subpoena.  However, nothing contained in this

Protective Order should be construed as authorizing or encouraging a Party in

this action to disobey a lawful subpoena issued in another action.

       IT IS SO ORDERED.

DATED: <u>January 10, 2013</u>          _____

                                  HON. ROBERT N. BLOCK

                                  UNITED STATES MAGISTRATE

                                  JUDGE

**Exhibit A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or

type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protected Order that was issued by the United States

District Court for the Central District of California on _____, 2012, in the

case of *Federal Deposit Insurance Corporation as Receiver for Colonial Bank  v.*

*Traditional Escrow, Inc., et al.*, United States District Court, Central District of

California, Southern Division, Case No. SACV-12-1302-JST (RNBx).

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.


Dated: _____

City and State where sworn and signed: _____

Signature: _____

Printed name: _____

11